IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                            CRIMINAL NO. 1:14CR62
                                          (Judge Keeley)

**APRIL DAVIS,**

        **Defendant.**

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED, DENYING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRESENTENCE REPORT DEADLINES [DKT. NO. 13] AND SCHEDULING THE SENTENCING HEARING**

On September 23, 2014, defendant, April Davis ("Davis"), appeared before United States Magistrate Judge John S. Kaull and moved this Court for permission to enter a plea of GUILTY to the one count Information. Davis stated that she understood that the magistrate judge is not a United States district judge and voluntarily waived her tight to have an Article III judge hear and accept her plea and voluntarily consented to entering a guilty plea before the magistrate judge. The magistrate judge accepted Davis' waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. Since the offense charged in the Information naming Davis is punishable by a term of imprisonment of greater than one year, the magistrate judge questioned Davis to determine if her waiver of prosecution by indictment was freely given in a sober and knowledgeable fashion.

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED, DENYING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRESENTENCE REPORT DEADLINES [DKT. NO. 13] AND SCHEDULING THE SENTENCING HEARING**

The magistrate judge then advised Davis of the nature of the charge made in the Information, and inquired whether the defendant had read and reviewed the Information with counsel. Davis waived the reading of the Information.

Next, the magistrate judge summarized Davis' rights to proceed by a Grand Jury indictment and explained that she has a constitutional right to proceed by indictment, and that the United States is able to charge her by Information only by her consent and waiver of this right. The magistrate judge then explained the Grand Jury process to Davis.

Davis stated that she understood that she had a right to proceed by indictment by a Grand Jury, and that, by waiving this right, the United States could proceed to charge her with the Information just as though she had been indicted. Davis then signed a Waiver of Indictment in open court, and the magistrate judge ordered the Waiver filed.

Based upon the stipulation of the parties to accept the proffer of the government as an independent basis in fact for the plea, the magistrate judge found that Davis was competent to enter

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED, DENYING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRESENTENCE REPORT DEADLINES [DKT. NO. 13] AND SCHEDULING THE SENTENCING HEARING**

a plea, that the plea was freely and voluntarily given, that she was aware of the nature of the charges against her and the consequences of the charges against her and the consequences of her plea, and that a factual basis existed for the tendered plea.

On September 24, 2014, the magistrate judge entered an Order/Opinion Regarding Plea of Guilty ("Order/Opinion") (dkt. no. 12) finding that a factual basis for the plea existed, and accepting Davis' plea of guilty to the one count Information. In his Order/Opinion, he directed the parties to file any written objections to the Order/Opinion within fourteen (14) days after service. He further directed that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court regarding the Order/Opinion. The parties did not file any objections.

Accordingly, this Court **ACCEPTS** the magistrate judge's Order/Opinion Regarding Plea of Guilty and **ADJUDGES** APRIL DAVIS **GUILTY** of the crime charged in Count One of the Information, and pursuant to Fed. R. Crim. P. 11(c)(3)(A) and U.S.S.G. § 6B1.1(c), **DEFERS** acceptance of the proposed plea agreement until the Court

**USA v. APRIL DAVIS**                                              **1:14CR62**

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED, DENYING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRESENTENCE REPORT DEADLINES [DKT. NO. 13] AND SCHEDULING THE SENTENCING HEARING**

has received and reviewed the presentence report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** that:

1. The Probation Officer shall undertake a presentence investigation of **APRIL DAVIS** and prepare a presentence report for the Court;

2. On October 1, 2014, counsel for the defendant moved the Court for an extension of the presentence report deadlines (dkt. no. 13). Because the defendant's pretrial release was revoked by Magistrate Judge Kaull on October 7, 2014, the Court **DENIES** the motion;

3. The Government and Davis are to provide their versions of the offense to the probation officer on or before **October 22, 2014**;

4. The presentence report is to be disclosed to Davis, defense counsel, and the United States on or before **December 8, 2014**; however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

**USA v. APRIL DAVIS**                                              **1:14CR62**

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED, DENYING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRESENTENCE REPORT DEADLINES [DKT. NO. 13] AND SCHEDULING THE SENTENCING HEARING**

5. Counsel to file written objections to the presentence report on or before **December 22, 2014;**

6. The Office of Probation shall submit the presentence report with addendum to the Court on or before **January 5, 2015**; and

7. Counsel may file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **January 16, 2015.**

Following the hearing, Magistrate Judge Kaull continued Davis' bond. However, at a hearing on October 7, 2014, at which he took up a Petition for Action on Conditions of Pretrial Release (dkt no. 96) filed by her probation officer, Magistrate Judge Kaull revoked Davis' release and ordered her detention pending sentencing (dkt. no. 104).

The Court will conduct the sentencing hearing for April Davis on **Friday, January 16, 2015** at **1:30 P.M.** at the **Clarksburg, West Virginia** point of holding court.

It is so **ORDERED.**

5

**USA v. APRIL DAVIS** 1:14CR62

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED, DENYING THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRESENTENCE REPORT DEADLINES [DKT. NO. 13] AND SCHEDULING THE SENTENCING HEARING**

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: October 8, 2014

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE